# IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| **YASSER ABBAS,** | Case No.: 13-7171 |
| Plaintiff-Appellant, | District Court No. |
| - vs - | 12-CV-01565 (EGS) |
| **FOREIGN POLICY GROUP, LLC and JONATHAN SCHANZER,** |  |
| Defendants-Appellees |  |

## REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* MEDIA ORGANIZATIONS

Laura R. Handman
Alison Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., NW
Suite 800
Washington, DC 20006
Tel.: (202) 973-4200
Fax: (202) 973-4499

*Counsel for Amici Curiae*

April 22, 2014

Thomas R. Burke
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street
Suite 800
San Francisco, CA 94111
Tel.: (415) 276-6500
Fax: (415) 276-6599

Advance Publications, Inc., American Society of News Editors, The Associated Press, Association of Alternative Newsmedia, The Association of American Publishers, Bloomberg L.P., Center for Public Integrity, Dow Jones & Company, Inc., The Economist Newspaper Limited, The E.W. Scripps Company, Fox Entertainment Group, Inc., Gannett Co., Inc., Hearst Corporation, The McClatchy Company, Media Law Resource Center, The National Press Club, National Press Photographers Association, National Public Radio, Inc., NBCUniversal Media LLC, News Corporation, The New York Times Company, Newspaper Association of America, Online News Association, Online Publishers Association, ProPublica, Reporters Committee for Freedom of the Press, Reuters America LLC, Society of Professional Journalists, Tribune Company, Washington City Paper, and The Washington Post (collectively, "Media Amici") respectfully submit this reply in further support of their motion for leave to file an *amici curiae* brief in support of Defendants-Appellees in *Abbas v. Foreign Policy Group, LLC*, No. 13-7171.

Plaintiff's opposition is without merit, and this motion should be granted. As an initial matter, notwithstanding Plaintiff's misleading headlines in his opposition brief, the motion for leave to file an *amicus* brief

1

was timely submitted. While Circuit Rule 29 "encourages" prospective

*amici* to seek leave early where possible, it nevertheless makes clear that

ultimately, "[t]he time for filing [an *amicus* brief] is governed by FRAP

29(e)" – and that rule provides that an *amicus curiae* "must file its brief,

accompanied by a motion for filing when necessary, no later than 7 days

after the principal brief of the party being supported is filed." Defendants-

Appellees filed their principal brief on March 26, 2014; Media Amici filed

the instant motion and proposed *amici* brief seven days later, on April 2.

The brief and motion are unquestionably timely.[1]

Moreover, there is no merit to Plaintiff's claim that it would be

"unfair" for this Court to accept an *amicus* brief that meets all of the

requirements under the Federal Rules, simply because Plaintiff-Appellant

has received no *amicus* support himself. Plaintiff does not – and cannot –

point to any support for his novel argument that this Court should

---

[1] In any event, Plaintiff does not – and cannot – claim that he was in any way prejudiced by Media Amici filing their motion and brief within the time period set forth in the Federal Rules. Plaintiff was aware that Media Amici were planning to submit this brief at least as of March 27 (the day after Defendants-Appellees filed their principal brief), when Media Amici's counsel sought consent to file from Plaintiff's counsel (which Plaintiff refused to grant). Plaintiff could have – but chose not to – respond to the arguments in Media Amici's brief in his reply filed seven days after Media Amici submitted their brief.

evaluate *amicus* briefs based on such nose-counting. To the contrary, as then-Judge Alito explained, "[e]ven when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002). For example, amici may "argue points deemed too far-reaching for emphasis by a party intent on winning a particular case," or may "explain the impact a potential holding may have on any industry or other group." *Id.* (internal quotation marks and citations omitted).

Media Amici plainly meet the requirements of Fed. R. App. P. 29(b)(2). As Judge Alito explained in *Neonatology Associates*, "consistent with the predominant practice in the courts of appeals," courts should read Rule 29's criteria "broadly" and "err on the side of granting leave," denying motions *only* where it is "obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." 293 F.3d at 132-33.

Media Amici's proposed brief falls squarely within this sphere of acceptability.[2] Media Amici will assist the Court by providing real-world

---

[2] Indeed, it is worth noting that even the Seventh Circuit – one of the most restrictive jurisdictions when it comes to accepting *amicus* briefs, where prospective *amici* are regularly denied leave to file – recently granted leave to a coalition of media *amici*, including many of the *amici* in this case, to file

examples of how the federal rules harmonize with both the D.C. Anti-SLAPP Act ("Act") and analogous anti-SLAPP statutes on which the Act is modeled; the forum-shopping effects where these statutes do not apply in federal court; and how these statutes reduce the chilling effect of meritless lawsuits, both threatened and filed, providing the substantive protection the SLAPP statutes were designed to afford. As explained in Media Amici's initial motion, several of the Media Amici have invoked the D.C. Anti-SLAPP Act in D.C. Superior and D.C. federal court, and many others regularly rely on similar statutes in other federal courts. *See* Mot. For Leave at 4-7. *Amicus* NBC has already been the subject of forum-shopping, as a plaintiff attempted to dismiss his D.C. Superior Court action on the eve of argument and refile in federal court for the stated purpose of avoiding application of the D.C. Anti-SLAPP Act in federal court. *See Dean v. NBCUniversal*, No. 12 Civ. 00283, ECF No. 5-1 (D.D.C. filed Feb. 21, 2012) (plaintiffs' notice of voluntary dismissal in D.C. Superior Court states: "The

a similar *amicus* brief regarding the applicability of Washington's anti-SLAPP statute in federal court. *See* Br. of *Amici Curiae* Advance Publications, Inc. et al. in Support of Defendants-Appellants and Reversal, *Intercon Solutions, Inc. v. Basel Action Network et al.* (7th Cir. filed Jan. 10, 2014) (No. 13-3148).

Complaint has been refiled in the U.S. District Court for the District of

Columbia due to the Court's recent decision in *3M v. Davis*, No. 11-cv-1527

(RLW)(D.D.C.).").  *See also Forras v. Rauf*, --- F. Supp. 2d ---, 2014 WL

1512814 (D.D.C. Apr. 18, 2014) (granting D.C. anti-SLAPP motion after

plaintiffs dismissed Superior Court libel action and refiled in federal court).

This experience is not "beside the point," as Plaintiff claims; rather, it

goes to the heart of the *Erie* inquiry and fulfills the paradigmatic role of an

*amicus curiae.  See, e.g., Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615,

617 (7th Cir. 2000) (*amicus* briefs should be accepted "when the amicus has

a unique perspective, or information, that can assist the court of appeals

beyond what the parties are able to do"); *Neonatology Assocs.*, 293 F.3d at

132 (*amici* may provide "important assistance" to the court by "collect[ing]

background or factual references," offering "particular expertise," or

"explain[ing] the impact a potential holding might have on an industry or

other group").  Moreover, Media Amici, many of whom are either

headquartered here or have D.C. bureaus, will be "materially affect[ed]" by

the decision in this case, both as controlling precedent in this Circuit and

persuasive authority beyond its borders.  *See Scheidler*, 223 F.3d at 617.

For these reasons, appellate courts regularly accept *amicus* briefs from news organizations and media trade and advocacy groups, including many of the Media Amici, when the applicability of a state anti-SLAPP law in federal court is at issue.[3] Indeed, every time the applicability of the D.C. Anti-SLAPP law has been raised in an appeal before this Court, this Court has granted leave for media organizations, including many of the Media Amici, to file an *amicus* brief on this very topic – rejecting objections identical to the ones raised by Plaintiff here.[4] This Court should once again reject Plaintiff's meritless objections and grant Media Amici's motion for leave to file.

---

[3] *See, e.g.*, Br. of *Amici Curiae* Advance Publications, Inc. et al. in Support of Defendants-Appellants and Reversal, *Intercon Solutions, Inc. v. Basel Action Network et al.* (7th Cir. filed Jan. 10, 2014) (No. 13-3148); Br. of *Amici Curiae* Advance Publications, Inc., et al. in Support of Appellees and in Favor of Affirmance, *Farah v. Esquire Magazine*, 736 F.3d 528 (D.C. Cir. 2013) (No. 12-7055); Br. of *Amici Curiae* Media Organizations in Support of Defendants-Appellants and Reversal, *Sherrod v. Breitbart*, 720 F.3d 932 (D.C. Cir. 2013) (No. 11-7088); Br. of *Amici Curiae* Media Organizations in Support of Defendants-Appellants and Reversal, *3M Co. v. Davis* (D.C. Cir. 2012) (No. 12-7012, 12-7017).

[4] In *3M Co.*, for example, this Court rejected the plaintiff's nearly identical argument that the Media Amici's focus on the "practical impact of anti-SLAPP statutes around the country" was "irrelevant" to the question of whether the D.C. Act applied in federal court. *See* Opp. to Mot. for Leave to File Brief of Media *Amici Curiae*, *3M Co. v. Davis* (D.C. Cir. 2012) (No. 12-7012, 12-7017), at 2-3.

**CONCLUSION**

For the reasons set forth in this reply and in Media Amici's motion for leave, Media Amici respectfully request that the Court grant leave to file the proposed brief of *amici curiae*.

Respectfully submitted,

/s/ Laura R. Handman
Laura R. Handman
Alison Schary
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
Tel:  202) 973-4200
Fax: (202) 973-4499

Thomas R. Burke
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street
Suite 800
San Francisco, CA 94111
Tel.: (415) 276-6500
Fax: (415) 276-6599

*Counsel for Media Amici*

Dated: April 22, 2014